The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-145JLR |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| KYLE ROBERT TORNOW, | |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, Defendant KYLE ROBERT TORNOW and Defendant's attorney Christopher Sanders, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c).

1.    **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.    **The Charge.**  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information:

1      a.      Interstate Threats, in violation of Title 18, United States Code,
2  Section 875(c).

3      By entering this plea of guilty, Defendant hereby waives all objections to the form
4  of the charging document.  Defendant further understands that before entering any guilty
5  plea, Defendant will be placed under oath.  Any statement given by Defendant under oath
6  may be used by the United States in a prosecution for perjury or false statement.

7      3.      **Elements of the Offense**.  The elements of the offense to which Defendant
8  is pleading guilty are as follows:

9      First, the Defendant knowingly sent a message in interstate commerce;
10      Second, the message contained a true threat to injure the person of another;
11      That the Defendant intended that the message be taken as a true threat.

12      4.      **The Penalties**.  Defendant understands that the statutory penalties
13  applicable to the offenses to which Defendant is pleading guilty are as follows: a
14  maximum term of imprisonment of up to 5 years; a fine of up to $250,000, a period of
15  supervision following release from prison of up to 3 years, and a mandatory special
16  assessment of $100 dollars.  If a probationary sentence is imposed, the probation period
17  can be for up to five years.

18      Defendant understands that supervised release is a period of time following
19  imprisonment during which Defendant will be subject to certain restrictive conditions and
20  requirements.  Defendant further understands that, if supervised release is imposed and
21  Defendant violates one or more of the conditions or requirements, Defendant could be
22  returned to prison for all or part of the term of supervised release that was originally
23  imposed.  This could result in Defendant serving a total term of imprisonment greater
24  than the statutory maximum stated above.

25      Defendant understands that as a part of any sentence, in addition to any term of
26  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
27  restitution to any victim of the offense, as required by law.

28

Plea Agreement - 2
*United States v. Tornow, CR20-145JLR*

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

      a.    The right to plead not guilty and to persist in a plea of not guilty;

      b.    The right to a speedy and public trial before a jury of Defendant's peers;

      c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.    The right to confront and cross-examine witnesses against Defendant at trial;

      f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.    The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code,

Plea Agreement - 3
*United States v. Tornow, CR20-145JLR*

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970

Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.     **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.     **Statement of Facts**.  The parties agree on the following facts.  Defendant admits Defendant is guilty of the charged offense:

a.      On July 24, 2020, KYLE TORNOW, while in Seattle, Washington, and using the internet, transmitted a bomb threat using the TrackIT system, which is

Plea Agreement - 4
*United States v. Tornow, CR20-145JLR*

maintained and operated in Portland, Oregon.  Specifically, TORNOW made the

following threat:

> Subject: War with citizens
>
> Message:
>
> I am going to bomb a police precinct in Portland, OR. The bomb is already
> in place and has been packaged in a way that prevents detection from
> canine officers. Unless your officers disengage your war with the citizens
> of Portland I will blow up this precinct. You are weak. We are strong, many
> and fluid in nature. If I am caught, others will take my place and
> immediately detonate the bomb. This is a felony threat. Please take this
> seriously to avoid death.

b.      As TORNOW knew, this threat was in fact false—no bomb had

been placed at any Portland precincts.  TORNOW made the threat hoping that the

Portland police would have to evacuate multiple precincts.

c.      The parties agree that the Court may consider additional facts

contained in the Presentence Report (subject to standard objections by the parties) and/or

that may be presented by the United States or Defendant at the time of sentencing, and

that the factual statement contained herein is not intended to limit the facts that the parties

may present to the Court at the time of sentencing.

9.      **Sentencing Factors**.  The parties agree that the following Sentencing

Guidelines provisions apply to this case as to Count 1:

a.      A base offense level of 12, pursuant to Section 2A6.1;

b.      A four-level reduction pursuant to Section 2A6.1(b)(6) because the

offense involved a single instance evidencing little or no deliberation, and none of the

other enhancements under Section 2A6.1(b) apply;

c.      A six-level enhancement pursuant to Section 3A1.2 because the

victims were government employees and the offense was motivated by such status;

d.     A two-level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility for the offense.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.     **Sentencing Recommendation.**   At the time of sentencing, the government will recommend a sentence no higher than within the applicable Guidelines range, as calculated by the Court.  Defendant is free to recommend any sentence.  Defendant understands that the parties' recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.   Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.   Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

11.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

13. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this plea agreement,

Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the Court, and any rulings of the Court made prior to the entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

      a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

      b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

14.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

15.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970

1  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

2  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

3  of the Plea Agreement by Defendant is discovered by the United States Attorney's

4  Office.

5       16.     **Completeness of Agreement**.  The United States and Defendant

6  acknowledge that these terms constitute the entire Plea Agreement between the parties,

7  except as may be set forth on the record at the change of plea hearing in this matter.  This

8  agreement binds only the United States Attorney's Office for the Western District of

9  Washington.  It does not bind any other United States Attorney's Office or any other

10  office or agency of the United States, or any state or local prosecutor.

11       Dated this 22nd day April, 2021.
        4th          May

12

13                              s/ Christopher M. Sanders, signed on behalf of Defendant

14                              KYLE TORNOW
                               Defendant

15

16                              s/ Christopher M. Sanders

17                              CHRISTOPHER SANDERS
                               Attorney for Kyle Tornow

18

19                                                    For

20                              TODD GREENBERG
                               Assistant United States Attorney

21

22

23                              THOMAS M. WOODS

24                              Assistant United States Attorney

25

26

27

28

Plea Agreement - 9
*United States v. Tornow, CR20-145JLR*