The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-145JLR |
| Plaintiff, | |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| KYLE ROBERT TORNOW, | |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this sentencing memorandum.

## SENTENCING RECOMMENDATION

Tornow is before the Court to be sentenced after pleading guilty to Interstate Threats, in violation of Title 18, United States Code, Section 875(c). Tornow had sent a bomb threat to the Portland Police Department. Although the government ordinarily would recommend some period of confinement for this offense, the government acknowledges that Tornow suffers from a serious medical condition. In light of this circumstance, and the fact that Tornow has been violation-free while on supervision, the government recommends that the Court sentence Tornow to six months of home

Government's Sentencing Memorandum - 1
*United States v. Tornow, CR20-145JLR*

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970

confinement as part of a two-year term of supervised release. Tornow does not appear to have the ability to pay a fine and thus none should be imposed.

## BACKGROUND

The City of Portland uses a system called TrackIT that enables members of the public to create a user account via the internet through the system's website, and submit messages to the Portland Police Bureau. On July 24, 2020, at 1:02 a.m., Tornow accessed the TrackIT system and sent the following message:

> I am going to bomb a police precinct in Portland, OR. The bomb is already in place and has been packaged in a way that prevents detection from canine officers. Unless your officers disengage your war with the citizens of Portland I will blow up this precinct. You are weak. We are strong, many and fluid in nature. If I am caught, others will take my place and immediately detonate the bomb. This is a felony threat. Please take this seriously to avoid death.

Tornow had not in fact placed a bomb at any precinct He acted with the hope that the police would have to evacuate multiple police precincts.

## PLEA AGREEMENT

On September 2, 2020, Tornow was arrested. He pleaded guilty to Interstate Threats. In the plea agreement, the government agreed to cap its recommendation at no higher than the low end of the applicable Guidelines range. The plea agreement contains a waiver of appeal.

## SENTENCING GUIDELINES

There is no dispute as to the Sentencing Guidelines. As set forth in paragraphs 15-23 of the presentence report, the total offense level is 12. Tornow is criminal history category I, and thus his Guidelines range is 10 months to 16 months.

## SENTENCING ANALYSIS

Tornow targeted the Portland police at a time where officers were under tremendous pressure and stretched extremely thin. At the time, a large number of protests had unfolded throughout the city. The vast majority of those protests were peaceful, and driven by legitimate concerns about police violence, and the need for long

Government's Sentencing Memorandum - 2
United States v. Tornow, CR20-145JLR

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970

1  overdue change.  Unfortunately, a small number of individuals took advantage of those
2  protests to engage in property destruction and violence.  Although Tornow's threat did
3  not cause a substantial disruption to police operations, it certainly had the potential to do
4  so, given the very real prospect at the time that someone would indeed attempt to bomb
5  or damage a police precinct.  More fundamentally, Tornow's threat of violence far
6  exceeded the bounds of what is protected First Amendment speech.
7      On the other hand, the government recognizes that Tornow is dealing with
8  extraordinary medical issues.  He also has had no violations on pretrial supervision,
9  which has now stretched to some ten-and-a-half months.  He also has expressed remorse
10 for his conduct, and has a support system in place that suggests that Tornow will not
11 reoffend in this manner again.  Thus, the government is not recommending any custodial
12 time.  The government does believe, however, that a sanction of home confinement is
13 appropriate in light of the seriousness of the offense.
14 //
15 //

Government's Sentencing Memorandum - 3
*United States v. Tornow*, CR20-145JLR

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970

## **CONCLUSION**

For the foregoing reasons, the Court should sentence Tornow to six months of home confinement as part of a two-year term of supervised release.

DATED this 19th day of July 2021.

                                                  Respectfully submitted,

                                                  TESSA M. GORMAN
                                                  Acting United States Attorney

                                                  /s/ Thomas M. Woods
                                                  THOMAS M. WOODS
                                                  Assistant United States Attorney
                                                  United States Attorney's Office
                                                  700 Stewart Street, Suite 5220
                                                  Seattle, Washington 98101-1271
                                                  Phone: 206-553-7970
                                                  Fax: 206-553-0755
                                                  E-mail: thomas.woods2@usdoj.gov

Government's Sentencing Memorandum - 4
*United States v. Tornow, CR20-145JLR*

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970