The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE ROBERT TORNOW,<br><br>Defendant. | NO. CR20-145JLR<br><br>**GOVERNMENT'S MEMORANDUM REGARDING SUPERVISED RELEASE VIOLATIONS** |

On July 27, 2021, the Court sentenced Robert Tornow to time served (1 day of custody) for sending a bomb threat directed at the Portland Police Department. Tornow lives with a heart transplant and, as a result, has a host of medical needs. In addition, as was apparent at the sentencing hearing, Tornow was extremely regretful for the threat, which he made in the heat of the moment one evening.

Tornow has had difficulty while on supervision. Within a week of sentencing, Tornow used marijuana. He then used marijuana on numerous dates, including as recently as March 3, 2022. He also failed to attend drug testing on a date in November 2021. Most concerningly, on November 13, 2021, the Seattle police responded to a vehicle collision that occurred in the very early hours of the morning. Tornow was the sole driver of the car. He was visibly drunk, and his breathalyzer tests ranged from .121 to .168. Tornow faces pending charges in Seattle District Court for this conduct.

Government's Memorandum Regarding Supervised Release Violations - 1
*United States v. Tornow*, CR20-145JLR

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970

On November 19, 2021, the Court issued a summons after Probation reported the driving-while drunk incident, his repeated marijuana use from August to November 2021, and his failure to attend drug testing. On December 10, 2021, Tornow made his appearance and was released. On December 16, 2021, the Court continued the evidentiary/disposition hearing until the current hearing date.

At the next hearing, the Court should do the following. First, the Court should reprimand Tornow for his drug use and failure to attend drug testing, and warn him that continued misconduct will lead to imprisonment. Second, the Court should address with him and Probation the steps he needs to get back on track, including with his mental health and substance abuse treatment. Third, the Court should address with him his plan to complete his community service obligation. Finally, the Court should continue the hearing for another three months. The government does not want to see Tornow return to custody, particularly given his serious medical condition. However, if Tornow continues to not comply with supervision, the Court should take up the driving-while-suspended incident at the next hearing, and hold an evidentiary hearing if necessary.

DATED this 29th day of March 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

/s/ Thomas M. Woods
THOMAS M. WOODS
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0755
E-mail: thomas.woods2@usdoj.gov

Government's Memorandum Regarding Supervised Release Violations - 2
United States v. Tornow, CR20-145JLR

UNITED STATES ATTORNEY
700 STEWART STREET
SEATTLE, WASHINGTON 98112
(206) 553-7970